## Hunt, et al. v. Commonwealth.

(Decided June 27, 1928.)

## Appeal from Fleming Circuit Court.

1. Prostitution.—In prosecution under Ky. Stats., sec. 1215a, for taking or directing female under 16 to house for purpose of prostitution, fact that female consents, or enters house, or indulges in forbidden purpose willingly after arriving therein, is no defense.

2. Prostitution.—Evidence held to sustain conviction for taking or directing girl under 16 years of age to house for purpose of prostitution or lewdness under Ky. Stats., sec. 1215a.

3. Criminal Law.—Where evidence claimed to have been improperly rejected is not brought up on appeal, reviewing court must presume that trial court acted correctly in rejecting such evidence.

O. R. BRIGHT for appellants.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellants were indicted for the offense denounced by section 1215a of the Statutes, and on conviction were each sentenced to one year in the penitentiary. They appeal. They urge in this court but two grounds for reversal of the judgment. The first of these grounds is that there is no evidence to sustain the verdict. There is remarkably little conflict in the evidence. The facts as shown by it are that on a Sunday in December, 1926, Lizzie Mae Jones, then lacking about three months of being sixteen years old, left home to go to Sunday school in Flemingsburg. While on her way she stopped by the home of Mrs. Wm. Planck, who was seriously ill. There were, at the home of Mrs. Wm. Planck that morning, Mrs. Hunt, her son, Avery Hunt, the appellant Mrs. Lena Planck, and perhaps others. After Lizzie Jones had been there a while, appellant Lena Planck suggested that Lizzie Jones, Avery Hunt, and she go for a drive. The three agreed, but Hunt had no conveyance with which to take them. So he went out on the street and found his cousin, the appellant Will Hunt, who was in town with his horse and buggy. Will Hunt agreed to join the crowd with his vehicle. As per agreement, the four met down by the Presbyterian Church and there got into Will

Hunt's buggy. They drove out of town on the Maysville pike, the women sitting on the men's laps. After they had driven out the pike for about four miles, they turned around and started back to town, the men sitting on the girls' laps.

On their way back, Lena Planck, as Lizzie Jones testified, or Lizzie Jones, as the other three testified, suggested that they all drive out to the home of Avery Hunt at Poplar Plains. It was for the jury to say which one of the two made the suggestion. All four knew that no one was at the home of Avery Hunt, as his mother was staying at the home of Mrs. Wm. Planck nursing her. The suggestion, by whomever made, was concurred in by all. The party had to pass through Flemingsburg, and, as they did, Lizzie Jones asked to get out. She does not say that she was not allowed to get out, but she does deny that the others offered to let her out, as they say they did. Again it was for the jury to say whom they believed. The four drove on out to Avery Hunt's home and entered by the back way. Avery Hunt procured some lunch from some nearby grocery, and the four stayed in the house until the next morning. During the afternoon Tom Doyle dropped in on the four and paid a social visit. Lizzie Jones made no objection to being where she was. During their stay in the house, Avery Hunt and Lizzie Jones had sexual intercourse. The next morning the four drove back to Flemingsburg, and soon thereafter all except Lizzie Jones were arrested on account of this escapade. In this case, we are only concerned with Will Hunt and Lena Planck.

It will be noted that the statute makes it an offense for any one to take or direct to any house for the purpose of prostitution or lewdness any female under 16 years of age. The fact that such female consented or went willingly to the house in question for the forbidden purposes or willingly indulged in such purposes after arriving at such house constitutes no defense. All agree Will Hunt took Lizzie Jones to the house of Avery Hunt, and the jury, if it believed the testimony of Lizzie Jones, as it had the right to do, was warranted in believing that Lena Planck took an active part in directing and taking this girl to that place. From the circumstances that all of the party knew that there was no one home at this house nor would be that day or night, that Lizzie Jones' request that she be allowed to get out of the buggy when

they went through Flemingsburg was not complied with, that no one suggested that they return to Flemingsburg at a seasonable hour, and from the other details surrounding this expedition, the jury was well warranted in its belief that Will Hunt and Lena Planck took or directed Lizzie Jones to this house for the purposes forbidden by the statute. Though they denied they had any such idea, yet their actions contradicted their protestations. There is ample evidence to sustain the finding of the jury.

The other ground relied upon for reversal is that the court rejected certain evidence offered by the appellants in the way of certain letters and postal cards written by Lizzie Jones to Avery Hunt after this trouble occurred. Though the bill of exceptions says that these letters and post cards are attached to it as avowals, they were not brought to this court and we are in ignorance as to their contents. In such state of case we must, under familiar law, presume the trial court acted correctly in rejecting them, and there is no merit in this ground for a reversal.

No error prejudicial to appellants' rights appearing, the judgment is affirmed.

: Whole court sitting.